## Smouse *versus* Bail.

1. When a creditor holds a *chose in action* as collateral security for the payment of his debt, he is not thereby bound to pursue its collection: and, if lost, it is the loss of the debtor.

Error to the Court of Common Pleas of *Fayette county*.

This was an action of debt by Thomas Bail, against Samuel Smouse, upon agreement in writing. The facts of the case were as follows: Bail sold his blacksmith shop, tools, lease, &c., to Smouse, for $150. For the securing of the payment to Bail, Smouse assigned him a receipt, dated St. Joseph, April 19, 1845, signed by Robert W. Donnell, for a note made by John Linus, of the same date for $200, for collection, "*said Bail agreed, that in the event of his receiving the whole amount of said note, to refund to said Smouse the overplus, after deducting the said one hundred and fifty dollars.*"

Smouse not having paid the $150 until 1853, Bail brought this

[Smouse *v.* Bail.]

action to recover it. Smouse defended on the ground, that Bail neither collected the debt himself, nor would he let him have it to collect when it was alleged that Linus was in failing circumstances; Smouse further alleged that the debt was lost from the neglect of Bail to prosecute its collection at a proper time, and his refusal to allow him to do it.

The court, GILMORE, P. J., charged the jury: "That if the collateral security was lost by the negligence of Bail, the debt upon which the suit was brought is extinguished."

He further charged: "That although Bail refused to give up the collateral security, to enable Smouse to effect an arrangement by which it could be realized, still the debt will not be extinguished, for the reason that Bail was not bound to deliver up the security, till the amount of the debt was tendered to him; nor was he under any obligation to effect the arrangement submitted by Linus through Donnell, to wit: to rescind the contract, and repay Linus what he had advanced on the purchase-money. I can see no obligation on Bail to surrender the security till the debt was paid. Smouse was fully informed of the danger and the means of avoiding it; but could not ask Bail to surrender the security till he was paid. By offering to pay him he might have discharged this debt. The refusal to surrender, on a tender of the money under the circumstances, would be satisfaction.

"It is contended further, that it was the duty of Bail to communicate to Smouse, that he would re-assign the note, or give up the receipt,—which is the same thing,—if the money was tendered. We do not think Bail was bound to do so. It was the duty of Smouse, if he wished to make Bail liable for the note, to tender the money, and if he refused, then he would incur the consequences."

The charge of the court was the error complained of.

*J. B. & A. Howell,* and *Bierer,* for the plaintiff in error:
Contended that the collateral security was under the dominion of the creditor, to make his claim out of it; that it was not in the nature of, nor subject to the incidents of a pawn or pledge, and that he was bound to take the proper measures for its recovery; and referred to *Bitner* v. *Brough,* 1 Jones, 127; *Spaulding* v. *The Bank,* 9 Barr, 28; *Lyon* v. *Huntingdon Bank,* 12 S. & R. 68; *Bank U. S.* v. *Peabody,* 8 Har. 457; *Wates* v. *Willing,* 2 Dall. 100; 5 Watts, 529; 8 Watts, 192; *Ormsby* v. *Fortune,* 16 S. & R. 303, 304; *Beale* v. *The Bank,* 5 Watts, 529.

The court declined hearing the defendant.

The opinion of the court was delivered November 24, 1856, by LOWRIE, J.—We must judge of the duties of these parties by

their written agreement, and that shows simply a debt due by one party, and payable presently, and the transfer is collateral security therefore, of the right to receive a debt from another person. This made two persons the debtor of Bail, and so far as it appears, it was the duty of them to come or send without delay, and pay the amounts due by them respectively. But they both neglected, and the collateral debt was lost. Who must bear the loss?

It seems clear to us that Smouse, the real owner of the claim must lose it. If he had performed his own duty by paying the debt, his title to the collateral would have immediately revested in himself, and he could have controlled the collection of it as he pleased. He cannot complain that it was held for the purpose for which it was given.

The debt was not lost by the want of diligence by Bail, but because he did not give back the claim to Smouse, so as to enable him to make an arrangement which Bail could not have made. Surely it is plain that Smouse had no right to this, until he should pay his debt to Bail.

Judgment affirmed, and record remitted.